WILLIAM J. BALDWIN, Respondent, *v.* FRIEDA E. BLECHER and ANNA L. C. BLECHER, Appellants.

Supreme Court, Appellate Term, Second Department, January, 1923.

**Landlord and tenant — New York city — summary proceedings — right of monthly tenant to plead unreasonableness of rent — effect of Laws of 1922, chap. 664.**

Since July 1, 1920, when their term began, monthly tenants had remained in possession, always paying the same rent. When the rent for July, 1922, became due, they refused to pay, though no increase in the rent was demanded. *Held,* that in a summary proceeding said tenants had a right to plead as a defense that the rent demanded is unreasonable under chapter 664 of the Laws of 1922, which is a rewriting of the amendment to chapter 136 of the Laws of 1920 by chapter 434 of the Laws of 1921.

While monthly tenants who were such on April 30, 1921, when said amendment of that year took effect and who thereafter paid three equal monthly payments of rent, could not avail themselves of the defense of unreasonableness during the following nine months, yet, after April 1, 1922, and before such tenants had again paid three equal monthly installments of rent in successive months, the defense of unreasonableness would be available, and that is the situation in which the tenants here find themselves.

An order in favor of the landlord and an order denying the tenants' motion to compel the filing of a bill of particulars in accordance with the statute both reversed, the motion for a bill of particulars granted and a new trial ordered.

APPEAL by defendant tenants from a final order entered in the Municipal Court of the city of New York, borough of Brooklyn, sixth district, in favor of the landlord in a summary proceeding to recover possession of real property, and from an order denying the tenants' motion for a further bill of particulars.

*Ernest M. Garbe,* for appellants.

*Thomas A. Shaw,* for respondent.

CROPSEY, J. In this proceeding, brought to dispossess the tenants, an answer pleading that the rent was unreasonable under the statute was interposed. The landlord claimed that the tenants had no right to plead such a defense because of the provisions of chapter 664 of the Laws of 1922, and the tenants claimed that they were entitled to a bill of particulars such as the so-called Rent Laws required. The tenants moved to compel the filing of a bill in accordance with the statute. The sole point involved upon this appeal arises out of the construction to be given to the statute that has just been mentioned.

The tenants are monthly tenants. Their term began July 1, 1920. They have remained in possession since that time, and have

always paid the same rent. When the rent for July, 1922, became due, the tenants refused to pay it. No increase in the rent was demanded. In that month the tenants refused to pay the rent they had been paying for two years. If the tenants had the right to plead the defense of unreasonableness under the statute, the orders appealed from must be reversed; otherwise, they must be affirmed.

In construing the statute in question it will be necessary to consider its forerunners. By chapter 136 of the Laws of 1920 it is provided that it shall be a defense to an action for rent for premises in a city of the first class, among other places, occupied for dwelling purposes, with certain noted exceptions, " that such rent is unjust and unreasonable and that the agreement under which the same is sought to be recovered is oppressive." This chapter was amended by chapter 944 of the Laws of 1920. That amendment did not change the provision just mentioned, but added another requiring the landlord to file a bill of particulars containing matters specified in the act. Neither of these enactments placed any limitation of time upon the right of a tenant to plead as a defense that the rent sought was unreasonable.

A further amendment was made to the foregoing statutes by chapter 434 of the Laws of 1921. Section 1 thereof giving the right to plead the defense of unreasonableness was continued as it had been in the earlier statutes, but at the end of that section the following new matter was inserted: " But such defense shall not be allowed if it appear that the defendant pursuant to the terms of such agreement has paid after the commencement of the term and after this section as amended takes effect three successive monthly instalments of rent, which accrued under such agreement." This amendment apparently was applicable alike to monthly tenancies and those from month to month, as well as to those for longer terms. This seems to be the natural meaning of the language used, and we are confirmed in that belief by the explanation of the legislative committee which accompanied that bill when it was introduced. The committee's explanation is found in Appendix B of " The Tenant and his Landlord " by Lauer & House, page 313. It reads: " The first amendment [the one above quoted] provides that a tenant who has paid three monthly instalments of rent which have accrued after the term has commenced and after this act as amended takes effect cannot then set up the defense that the rent is unjust. Some courts held that if a tenant had paid an increased rent he could not then take advantage of the defense. This amendment makes it plain that the defense can be interposed until three monthly payments have been made. In other words, the tenant

has sixty days to find out what he should do. The landlord is benefited in that he knows that his rental is established when three monthly payments have been made."

So under this amendment no tenant who after its enactment paid three successive months' rent could thereafter attack the reasonableness of the rent so long as he continued to pay under the same agreement.

Evidently it was realized, after this enactment had been made, that it placed a permanent bar against the tenants affected by its provisions from ever claiming their rent to be unreasonable. Then came chapter 664 of the Laws of 1922, making a further amendment. This was a rewriting of the amendment that was inserted by chapter 434 of the Laws of 1921. This last amendment reads: " If it appear that the defendant pursuant to the terms of a written or oral agreement for a term of one year or more has paid after the commencement of the term and after April thirtieth, nineteen hundred and twenty-one, three monthly instalments of rent in successive months, which accrued under such agreement, such defense shall not be allowed; but the defendant may plead such defense in relation to any rent or rental value claimed for a period within three months after the expiration of such term. If it appear that the defendant is a monthly tenant or a tenant from month to month and has paid three equal monthly payments of rent in successive months. Such defense shall not be allowed after this section as amended takes effect against a claim for rent or rental value not exceeding the rate so paid and accruing within nine months after such third payment; but the defendant may plead such defense in relation to rent or rental value claimed for a period within three months after the expiration of such nine months."

The first portion of this amendment seems to be clear, and its meaning plain. It relates to agreements for a term of one year or longer. A tenant under such an agreement, who has paid after the commencement of his term, and after April 30, 1921 (that is the date that chapter 434 of the Laws of that year took effect), three monthly instalments of rent in successive months, which accrued under the agreement, cannot avail himself of the defense of unreasonableness. The amendment specifically provides, however, that within a period of three months after the expiration of such term the tenant may plead such defense. In other words, having paid three months' rent under an agreement, a tenant can no longer defend on the ground that the rent is unreasonable, so long as he holds under that agreement; but upon the termination thereof he may, within the following three months, plead such a defense.

The latter portion of the amendment relates to monthly tenants and those from month to month. This is the portion that we are concerned with upon this appeal. It is apparent from a mere glance at it that this portion of the amendment is badly drawn. There is a period between the words " successive months " and the words " such defense," which plainly should not be there. What appear to be separate sentences are manifestly but parts of one complete sentence. There probably can be no doubt that this portion of the amendment does provide that after a monthly tenant or one from month to month has paid three equal monthly payments of rent in successive months he canno⁺ avail himself of the defense that the rent is unreasonable during ʺ ɔ succeeding nine months, but may again avail himself of that plea at any time within three months after the expiration of such nine months. The doubt, if any, is as to when the nine months' period commences.

As to tenancies which did not exist at the time this amendment was enacted the construction seems plain. When such tenants shall have paid three months at the same rate, thereafter for a period of nine months they cannot question the amount. But as to tenants whose term began before this amendment was effective, the construction of the section is not so clear. The monthly tenants in the instant case became such long before this amendment was adopted, and also before the amendment made by chapter 434 of the Laws of 1921 was enacted. According to the landlord's contention, a tenant who had paid three or more months' rent at the time chapter 664 became effective (that is, April 13, 1922) could not within a period of nine months thereafter contest the reasonableness of his rent. But if the statute should be so construed, it might be necessary to hold that it had no application whatever to tenants who became such after its enactment. We think it was not intended to apply merely to those who were tenants at the time it was passed, but also to those whose terms commenced thereafter.

It is our opinion that the legislature intended that for the purpose of determining when the three months' period had expired the same provisions should apply to monthly tenants and those from month to month as to tenants holding for a term of a year or longer. As to the latter, the payment of three months' rent after the commencement of the term, and after April 30, 1921, fixed their liability during the term of their agreement. We think the amendment should be read as though this same provision was contained in the portion of it relating to monthly tenants and tenants from month to month. In other words, tenants in this latter classification, who were such on April 30, 1921, and who thereafter had paid three

equal monthly payments of rent, could not avail themselves of the defense of unreasonableness during the following nine months. That is, if such a tenant paid for May, June and July, 1921, he could not question the reasonableness of his rent for the months of August, 1921, to April, 1922, inclusive. Thereafter and before the tenant had again paid three equal monthly instalments of rent in successive months the defense would be available. That is, he might pay for May and June, 1922, and still avail himself of the defense when the July, 1922, rent was sought. That is the situation in which these tenants find themselves. We think they had the right to plead the defense within the meaning of this statute.

As to those who were not such tenants on April 30, 1921, and became such thereafter, a similar rule should be applied. The nine months' period of the suspension of the right to make available the defense should be figured from the expiration of the first three consecutive months in which the tenant paid equal amounts as rent.

Orders appealed from reversed and motion for bill of particulars granted and new trial ordered, with thirty dollars costs to appellants to abide the event.

LAZANSKY and FABER, JJ., concur.

Orders reversed.